IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORA REDDING,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CASE NO. C05-5173RJB

REPORT AND RECOMMENDATION

Noted for March 30, 2006

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). Plaintiff appeals to the District Court from a final decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act. This matter has been fully briefed, oral argument was heard in this matter on October 6, 2005, and after reviewing the record, the undersigned recommends that the Commissioner's decision be REVERSED and REMANDED for the payment of appropriate benefits.

REPORT AND RECOMMENDATION - 1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Cora Redding was 39 years old at the time she first applied for benefits, and 41 years old at the time of her first administrative hearing. She completed the ninth grade. She has studied for, but not completed her GED. Plaintiff worked as a nurse's aide in 1974 or 1976. She stopped working because she hurt her back. Plaintiff also worked sporadically as a cook, the last time in 1992. She has additional work experience babysitting, selling Avon, and as a care provider.

Plaintiff protectively filed an application for SSI Disability Benefits on November 22, 1996. (Tr. 86-93). She alleged disability due to lower and upper back problems and depression. (Tr. 87, 93, 123). Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was held on July 9, 1998, at which Plaintiff, Plaintiff's son, and a VE testified. On August 3, 1998 the ALJ found Plaintiff not disabled under the social security regulations. (Tr. 8-20). Plaintiff requested review by the Appeals Council, which was denied on March 29, 2000, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 4-5). A timely complaint was filed in United States District Court.

On November 22, 2000, the court entered a stipulated order and judgment reversing and remanding Plaintiff's disability claim for a new hearing. (Tr. 294-96). This court ordered the ALJ to conduct a new hearing and to reevaluate the medical evidence, plaintiff's credibility, and her ability to perform past relevant work or other work. (Tr. 294-95). In July 2001, the Appeals Council remanded the case in accordance with this court's order. (Tr. 297-99). On August 26, 2002, a second administrative hearing was held. Vocational Expert Lynn Dankel, and John H. Lindberg, M.D., a medical expert, testified at the hearing. (Tr. 390-447). On October 4, 2002, the administration issued a decision finding that Ms. Redding was not disabled. (Tr. 215-26). Ms. Redding requested review by the Appeals Council, and on February 23, 2005 the Appeals Council denied her request for review, making the ALJ's October 4, 2002 decision the final decision of the Commissioner, (Tr. 198-200).

REPORT AND RECOMMENDATION - 2

On March 11, 2005, Plaintiff filed this action in federal court. Plaintiff alleges the ALJ erred by using improper procedures and standards in reaching her decision. Plaintiff alleges that the ALJ should have found Ms. Redding disabled. The Commissioner maintains that the ALJ's decision is supported by substantial evidence and is free of legal error. The Commissioner specifically argues the ALJ properly evaluated the Plaintiff's credibility, the medical evidence, and the lay evidence; properly found Plaintiff's depression and alleged fibromyalgia non-severe; properly determined Plaintiff's residual functional capacity; and properly relied on a complete hypothetical question posed to the vocational expert. As noted above, the court is not persuaded by defendant's arguments, finding the ALJ failed to properly review and consider the medical evidence and consequently, failed to properly consider plaintiff's allegations of pain and the lay witness evidence. Moreover, the court finds the ALJ thus failed to properly consider Ms. Redding's residual functional capacity and her ability to work.

## DISCUSSION

This Court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. To determine whether substantial evidence supports the ALJ's decision, we must consider the evidence as a whole, weighing both evidence that supports, and evidence that detracts from the ALJ's conclusion. Id. The ALJ is responsible for determining credibility, resolving conflicts in the testimony, and resolving ambiguities. Id. Where evidence is susceptible of more than one rational interpretation, it is the ALJ's decision that must be upheld). Id.

The claimant bears the burden of proving that she is disabled. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

REPORT AND RECOMMENDATION - 3

1   expected to result in death or which has lasted, or can be expected to last, for a continuous period of
2   not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3   In evaluating Plaintiff's claim, the ALJ followed the five-step sequential evaluation process
4   for determining whether a claimant is disabled under the Social Security Act. <u>Bowen v. Yuckert</u>,
5   482 U.S. 137, 140 (1987); 20 C.F.R § 416.920.

6   The ALJ found at step-one that Plaintiff had not engaged in substantial gainful activity since
7   her SSI application date. (Tr. 220, 225 Finding 1). The ALJ determined at step-two that Plaintiff
8   had severe impairments of chronic lower back pain and generalized muscle pain. (Tr. 225, F.2). At
9   step-three, the ALJ found that Plaintiff's impairment did not meet or equal the listed impairments in
10  20 C.F.R. Pt. 404 Subpt. P, App. 1. (Tr. 222, 225 F. 3). The ALJ also found that Plaintiff had the
11  RFC to perform a full range of sedentary work (Tr. 224, 225, 226 F. 11). At step-four, the ALJ
12  determined that Plaintiff could not perform her past relevant work. (Tr. 224, 226 F. 7). At step-five
13  the ALJ found that Plaintiff could perform work as a cashier or telemarketer and was therefore not
14  disabled (Tr. 225-26).

15  ***A. ALJ'S CONSIDERATION OF PLAINTIFF'S FIBROMYALGIA AND DEPRESSION AT STEP-TWO***

16  Step-two of the administration's evaluation process requires the ALJ to determine whether an
17  impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not
18  severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§
19  404.1521(a), 416.921(a). The  Social Security Regulations and Rulings, as well as case law applying
20  them, discuss the step-two severity determination in terms of what is "not severe." According to the
21  Commissioner's regulations, "an impairment is not severe if it  does not significantly limit [the
22  claimant's] physical ability to do basic work  activities,"  20 C.F.R. §§ 404.1520(c),
23  404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs,
24  including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or
25  handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment
26  REPORT AND RECOMMENDATION - 4

or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, Plaintiff alleges that the ALJ erred by failing to find that her diagnosed fibromyalgia and depression were severe impairments as defined by the social security regulations.

Fibromyalgia

On April 8, 1997, Dr. Hing diagnosed Plaintiff with fibromyalgia. (Tr. 141). Dr. Hing's treatment notes of July 17, 1997, show on examination that Plaintiff "has multiple trigger points along the back and in the shoulders and chest wall and lower limbs." Dr Hing opined that Ms. Redding's pain prevented her from performing any work activity. (Tr. 228). Dr. Hing was plaintiff's treating physician and treated Ms. Redding for several years. As discussed below, the ALJ failed to properly consider Dr. Hing's records and opinions.

In rejecting fibromyalgia as a severe impairment, the ALJ relied on the testimony of Medical Expert Dr. Lindberg at the second administrative hearing. The ALJ noted that Dr. Lindberg testified to "some evidence of degenerative disc disease but the evidence does not support the claimant's level of pain complaints." (Tr. 222). Dr. Lindberg noted that there are no specific findings of the required number of trigger points to support a diagnosis of fibromyalgia. (Tr. 337, 340, 424).

The court is not persuaded by defendant's arguments. Dr. Lindberg does not disagree that Ms. Redding has a medical condition that would reasonably produce some level of pain. It was error for the ALJ to find that the pain, either caused by fibromyalgia or a degenerative disc disease, failed to cause more than a minimal effect on Ms. Redding's ability to work.

Depression

On March 28, 1997, Geoff Schiller, MSW diagnosed depression and completed a DSHS checkbox form. (TR. 137). Dr. Alan Javel M.D. co-signed the evaluation. According to the

REPORT AND RECOMMENDATION - 5

report, Plaintiff was rated as having several moderate mental impairments significantly impacting work-related activities. (Tr. 136-39). Plaintiff underwent a brief course of therapy in March 1997. On May 29, 1997, Dr. Javel agreed with a diagnosis of depression, and the statement that Plaintiff's "physical ailments impinge upon ability to sustain activity." (Tr. 157-58).  Dr. Javel's opinion and diagnosis of depression supports plaintiff's allegation that her medically determinable mental impairment significantly limits her ability to perform basic work activities.  The ALJ erred by not finding Plaintiff's depression a severe impairment at step-two.

**B. THE ALJ FAILED TO PROPERLY EVALUATE THE MEDICAL OPINION OF DR. HING**

Plaintiff contends that the ALJ failed to properly consider the opinion of her treating physician, Frank A. Hing, M.D., regarding her inability to work.  The opinion of a treating or examining physician is generally accorded more weight than the opinion of one who has never examined the claimant.  <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for  "clear and convincing" reasons.  <u>Baxter v. Sullivan</u>, 923 F.2d 418, 422 (9th Cir. 1988).  Clear and convincing reasons are also required to reject the treating doctor's ultimate conclusions.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988). When the treating doctor's opinion is contradicted, it may only be rejected for specific and legitimate reasons supported by substantial evidence in the record.  <u>Murray v. Heckler</u>. 722 F.2d 499, 502 (9th Cir. 1983).

On April 8, 1997,  Dr. Hing diagnosed Plaintiff with chronic back pain and. (Tr. 141).  Over the next several years Dr. Hing noted Plaintiff's restricted range of motion in her lumbar spine (Tr. 193, 347, 343).  In September 2002, Dr. Hing wrote an opinion letter stating that Plaintiff "has been unable to work on a sustained and regular basis since May 1995" due to chronic pain. (Tr. 228). He indicated that Plaintiff had significantly  restricted range of motion (ROM) of the lumbar spine. (Tr. 228). The Commissioner admits that the ALJ never mentioned Dr. Hing's September 28, 2002 opinion letter in her decision.

REPORT AND RECOMMENDATION - 6

While admitting that the letter was not considered by the ALJ, the Commissioner argues the letter is "new evidence submitted to the Appeals Council" which should be considered under the standards set forth in Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993) and Harmon v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000).  However, in all of the cases cited by the Commissioner, the evidence in question had not been submitted prior to issuance of the ALJ's decision.  In this instance, the record shows that Plaintiff faxed a copy of Hing's report to the ALJ on October 1, 2002, 3 days prior to the ALJ's decision.  (Tr. 227).  The ALJ effectively rejected Dr. Hing's opinion without giving specific or legitimate reasons.

C.  **THE ALJ FAILED TO PROPERLY CONSIDER THE OPINION OF JUDITH F. DANT, NURSE PRACTITIONER**

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  Under 20 CFR §404.1513(d), an ALJ must consider the opinion of "other sources" regarding the severity of a claimant's impairments.  The ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff argues that the ALJ improperly evaluated the testimony of Judy Dant, ARNP.  Ms. Dant determined that Plaintiff was limited to sedentary work, but would be unable to perform work at least half-time in a normal day-to-day setting for the rest of her life. (Tr. 328).  In discussing Ms. Dant's opinion, the ALJ stated , "there is no support in the evidence for a limitation to less than full-time work, hence I discount that portion of Ms.Dant's opinion". (Tr. 224).  The ALJ further stated: "I note that Ms. Dant is not an acceptable medical source (20 CFR §404.1513(d)" and that her opinions appear to be based on the claimant's subjective complaints.  Those complaints are not credible." (Tr. 224).

Contrary to the ALJs's statement, Ms. Dant's opinion is supported not only by her own

REPORT AND RECOMMENDATION - 7

objective findings, but by Dr. Hing's objective findings and opinion. On March 5, 1998, Ms. Dant noted that Plaintiff had tenderness in her upper thoracic and lumbar spine, and limited range of motion in her back. (Tr. 194). Ms. Dant noted the same symptoms on March 8, 1999 (Tr. 325-26), February 4, 2000 (Tr. 327), and March 13, 2001. (Tr. 329-33). On March 14, 2002, Ms. Dant found that Plaintiff had tender muscles in shoulders and lower back, and was "unable to bend over". (Tr. 331-32). The ALJ's statement that Ms. Dant's "opinions appear to be based on the claimant's subjective complaints" is not supported by substantial evidence. Dr. Hing's opinion supports the nurse's statements and observations.

### D.   THE ALJ'S IMPROPERLY REJECTED CLAIMANT'S TESTIMONY REGARDING HER SYMPTOMS AND LIMITATIONS

The Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). In the absence of malingering, once the claimant produces medical evidence of an underlying impairment that could reasonably be expected to produce some degree of pain or other symptoms, the ALJ must provide clear and convincing reasons supported by substantial evidence in the record, in order to reject the claimant's testimony regarding her symptoms and pain level. Smolen v, Chater, 80 F.3d 1273, 1281-1282 (9th Cir. 1996).

Plaintiff alleges that the ALJ improperly rejected her testimony regarding her symptoms and limitations, and that her testimony must therefore be credited as true. As discussed above, Dr. Hing and Dr. Lindberg's opinions support the fact that Plaintiff has a condition that would reasonably cause some level of pain. The ALJ rejected Plaintiff's testimony and allegations of pain and depression based on a lack of objective findings (Tr. 223). As discussed the ALJ failed to properly consider the medical evidence and failed to consider fibromyalgia or depression as severe impairments. The errors made by the ALJ taint the ALJ's review of Ms. Redding's credibility and her subjective complaints of pain and depression.

REPORT AND RECOMMENDATION - 8

The ALJ further noted plaintiff's daily life and some of her activities were not consistent with the level of pain and disability alleged. While claimant cared for her disabled son, a disabled claimant "need not vegetate in a dark room" in order to qualify for disability benefits. <u>Cooper v. Bowen</u>, 815 F.2d 557, 561 (9th Cir. 1987). In <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998), the court stated that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Here, Plaintiff received payment for caring for her son until he graduated, Plaintiff has not received payment since her alleged disability onset date. Claimant is not shown to have a reputation for lying, and her failure to quit smoking is explained by her inability to procure a nicotine patch. In addition, the medical expert testified at the second hearing that in his opinion Plaintiff was compliant with the medical advice and treatment of her doctors. (Tr. 427). While Plaintiff's poor work history is a factor to be considered, her poor work history is due in part to taking care of her disabled son. In sum, none of the reasons cited by the ALJ are convincing as justification for rejecting Plaintiff's testimony.

E.  *THE ALJ FAILED TO PROPERLY ASSESS MS. REDDING'S RESIDUAL FUNCTIONAL CAPACITY AND HER ULTIMATE ABILITY TO PERFORM ANY TYPE OF WORK*

"[R]esidual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." <u>Id</u>. at § 404.1545(b). Under SSR 96-8p, an ALJ must consider all allegations of physical and mental limitations or restrictions.

As discussed above, the ALJ failed to properly consider the medical opinion evidence from

REPORT AND RECOMMENDATION - 9

Dr. Hing, Dr. Javel, and Ms. Dant, as well as Ms. Redding's testimony about her symptoms and limitations. As a result, the ALJ's assessment of Ms. Redding's residual functional capacity is not supported by substantial evidence.

Similarly, the ALJ's analysis at step-five of the administrative review process is equally flawed  At step-five, the ALJ in this case found that Plaintiff could perform work as a cashier or telemarketer and was therefore not disabled (Tr. 225-26). However, this finding is based on the ALJ's errors made in her review as discussed above. Specifically, the ALJ failed to pose a hypothetical to the vocational expert that included all of the medical conditions and impairments supported by Dr. Hing, Dr. Javel, Nurse Dant, and a consistent review of plaintiff's subjective complaints of pain. The Ninth Circuit has established that if a hypothetical posed to a VE does not include all of the claimant's limitations, the VE's testimony in response cannot support a finding that the claimant can perform jobs in the national economy. De Lorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).

When the vocational expert was posed hypotheticals that included all of the limitations based on opinions from Dr. Hing, Dr. Javel, Judith Dant, as well as the Plaintiff and lay witnesses, Ms. Dankel responded that such a person could not perform any full-time work on a sustained basis. (Tr. 441-47). The ALJ improperly rejected these additional limitations, therefore the VE testimony lacks evidentiary value and the Commissioner has failed to show that there are any jobs that plaintiff can perform.

## CONCLUSION

Remand for the purpose of awarding benefits is appropriate where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues to be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 10

      The ALJ's reasons for discrediting Dr. Hing and Dr Javel's opinions, Plaintiff's testimony, and the lay testimony were legally insufficient.  Considering the evidence that the ALJ improperly rejected, the record is fully developed, and there is no reason to remand the matter for further consideration of the evidence.  This court previously ordered the ALJ to conduct a new hearing and to reevaluate the medical evidence, plaintiff's credibility, and her ability to perform her past relevant work or other work.  (Tr. 294-95). The delay in this case has been significant, and further administrative proceedings would serve no useful purpose.  For the foregoing reasons, the ALJ's decision denying benefits must be REVERSED and REMANDED for the payment of benefits.

      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 30, 2006**, as noted in the caption.

      DATED this 14th day of March, 2006.

                              */s/ J. Kelley Arnold*
                              J. Kelley Arnold
                              U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 11